NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0001117**
**30-SEP-2015**
**09:17 AM**

NO. CAAP-13-0001117

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
BRANDON SAK TACHINO, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 12-1-1445)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Brandon Sak Tachino (Tachino) appeals from the "Judgment of Conviction and Sentence; Notice of Entry" entered on April 29, 2013, in the Circuit Court of the First Circuit[1] (circuit court). Tachino was found guilty of Hindering Prosecution in the Second Degree pursuant to Hawaii Revised Statutes (HRS) § 710-1030 (2014).[2]

On appeal Tachino contends that (1) the circuit court erred when it failed to determine that the deputy prosecuting

_____

[1] The Honorable Patrick W. Border presided.

[2] HRS § 710-1030 provides:

§710-1030 **Hindering prosecution in the second degree.** (1) A person commits the offense of hindering prosecution in the second degree if, with the intent to hinder the apprehension, prosecution, conviction, or punishment of another for a crime, he renders assistance to such person.

(2) Hindering prosecution in the second degree is a misdemeanor.

attorney (DPA) made improper comments during closing argument; (2) Plaintiff-Appellee State of Hawai'i (State) did not present enough evidence to support a conviction; and (3) the trial court violated Tachino's right to bail pending an appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as relevant statutory and case law, we resolve Tachino's points of error as follows and vacate and remand.

## I. Background

On May 1, 2012, Officer Charles Rezentes (Officer Rezentes) went to an apartment on Waiawa Road to execute a federal arrest warrant for Porsha Cornelio (Cornelio). Officer Rezentes was returning to the apartment for the fourth time in an effort to locate Cornelio. During prior visits to the apartment, Officer Rezentes had warned Nohelani Peters (Peters), who is Cornelio's sister, and Tachino, who is Peters's boyfriend, that if they knew where Cornelio was and did not inform the police, they would be arrested for hindering prosecution.

On May 1, 2012, Peters answered the door and told Officer Rezentes that Cornelio was not there but allowed Officer Rezentes to look in the apartment. Officer Joseph Lefcourt (Officer Lefcourt), who was also searching the apartment, testified that he asked Tachino if Cornelio was in the apartment and Tachino responded that he did not know where she was. Another officer located Cornelio in the attic of the apartment.

Officer Rezentes then informed Tachino that he was going to be arrested. Officer Rezentes testified that when Tachino was placed under arrest, Tachino stated: "I don't know what to do, I live with Porsha's mom." Tachino testified that he did not remember making that statement. Tachino also testified that he told Officer Lefcourt that he did not know Cornelio was in the apartment. Officer Lefcourt testified that, after telling Tachino he would be arrested, Officer Lefcourt escorted Tachino around the apartment so that Tachino could pack a bag for his

baby and during that time Tachino's only comments were concerning his baby.

On November 15, 2012, Tachino was charged with Hindering Prosecution in the Second Degree pursuant to HRS § 710-1030.

## II. Discussion

### A. Prosecutorial Misconduct

Tachino first contends that the DPA made improper comments during closing arguments about Tachino's post-arrest silence, which violated Tachino's right to remain silent and which was not harmless. Tachino objected to the DPA's comments and requested a mistrial, which the circuit court denied.

We consider three factors in evaluating whether improper prosecutorial comments warrant a new trial: "(1) the nature of the conduct; (2) the promptness of a curative instruction; and (3) the strength or weakness of the evidence against the defendant." State v. Mainaaupo, 117 Hawai'i 235, 252, 178 P.3d 1, 18 (2008) (quoting State v. Hauge, 103 Hawai'i 38, 47, 79 P.3d 131, 140 (2003)) (internal quotation marks omitted). "Allegations of prosecutorial misconduct are reviewed under the harmless beyond a reasonable doubt standard, which requires an examination of the record and a determination of whether there is a reasonable possibility that the error complained of might have contributed to the conviction." State v. Rogan, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999) (internal citations and quotation marks omitted). If there has been prosecutorial misconduct, we also consider whether the double jeopardy clause of the Hawai'i Constitution bars retrial of the defendant. Id. at 416, 984 P.2d at 1242.

### 1. The nature of the conduct

The first factor in evaluating prosecutorial misconduct is the nature of the prosecutor's conduct. "Although a prosecutor has wide latitude in commenting on the evidence during closing argument, it is not enough that . . . his comments are based on testimony 'in evidence'; his comments must also be

3

'legitimate.'" Mainaaupo, 117 Hawai'i at 253, 178 P.3d at 19. Comments during closing argument are not legitimate when they contravene a defendant's fundamental right to remain silent. Id. at 254, 178 P.3d at 20. In Mainaaupo, the Hawai'i Supreme Court held that "the DPA's comments were not 'legitimate' because, in contravention of [the defendant's] fundamental right to remain silent, the DPA argued the unreasonable inference that [the defendant] was guilty in light of his post-arrest silence, that is, his failure to act like an 'innocent person' . . . ." Id. (citation omitted). The court also held that, regardless of whether the defendant had been given his Miranda[3] warnings, "the right against self-incrimination attached at least as of the time of the arrest, because the right to remain silent derives from the Constitution and not from the Miranda warnings themselves." Id. at 252, 178 P.3d at 18 (citation, footnote, and internal quotation marks omitted).

In this case, the DPA made comments during his closing argument regarding Tachino's failure to, essentially, profess his innocence after being arrested. The DPA stated that Tachino "had every opportunity to tell Officer Lefcourt, Hey, you know, don't arrest me; I - - I didn't know she was here[.]" After Tachino objected to the DPA's comment, the DPA also stated that Tachino "had every opportunity to let Officer Lefcourt know, and he only asked questions about his daughter."

The DPA's comments were not legitimate because they contravened Tachino's right to remain silent. It is reasonable that the jury could have interpreted the DPA's remarks as comments on Tachino's post-arrest silence. Therefore, the first factor in evaluating prosecutorial misconduct, the nature of the prosecutor's comments, weighs in favor of a new trial.

## 2. Curative instruction

The second factor in evaluating prosecutorial misconduct is the promptness of a curative instruction. In

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

general, "a curative instruction [is] sufficient to cure prosecutorial misconduct because it presumes that the jury heeds the court's instruction to disregard improper prosecution comments." Mainaaupo, 117 Hawai'i at 255, 178 P.3d at 21 (citation, internal quotation marks, and brackets omitted).

In this case, the circuit court did not give a curative instruction regarding the DPA's statements that Tachino challenged. Therefore, this factor also weighs in favor of a new trial.

### 3. Strength and weakness of the evidence

The third factor in evaluating prosecutorial misconduct is the strength and weakness of the evidence. The evidence must be overwhelmingly in favor of the prosecution to overcome the prejudice that the improper comment caused. See Mainaaupo, 117 Hawai'i at 255, 178 P.3d at 21; Rogan, 91 Hawai'i at 415, 984 P.2d at 1241.

The State relied on the testimony of Officer Rezentes and Officer Lefcourt. In particular, the DPA relied on Officer Rezentes's testimony that Tachino told Officer Rezentes: "I don't know what to do, I live with Porsha's mom." However, Tachino testified that he did not know that Cornelio was in the apartment and that he did not even know there was an attic. The case mainly turns on Tachino's credibility and whether the jury believed he did not know Cornelio was in the attic. The evidence of criminal conduct was not overwhelming in this case.

All three factors used in evaluating prosecutorial misconduct weigh in favor of Tachino.

### 4. Double jeopardy

Under the double jeopardy clause of article I, section 10 of the Hawai'i Constitution, "reprosecution of a defendant after a mistrial or reversal on appeal as a result of prosecutorial misconduct is barred where the prosecutorial misconduct is so egregious that, from an objective standpoint, it clearly denied a defendant his or her right to a fair trial." Rogan, 91 Hawai'i at 423, 984 P.2d at 1249.

5

Tachino does not argue that double jeopardy applies to this case and only requests a new trial. Moreover, the DPA's comments regarding Tachino's post-arrest silence were not so egregious as to prevent a retrial. Therefore, a new trial is not barred by double jeopardy.

**B. Sufficiency of the Evidence**

Tachino also contends that the State failed to adduce substantial evidence to support his conviction. Specifically, Tachino contends that he could not have hindered prosecution because he did not know Cornelio was present in the apartment.

"[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution . . . ." State v. Wallace, 80 Hawai'i 382, 391, 910 P.2d 695, 704 (1996) (citation omitted). The test on appeal of whether there was sufficient evidence to support a conviction "is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." Id. at 391-92, 910 P.2d at 704-05 (citation omitted).

The State presented two police officers as witnesses who testified against Tachino. Both officers testified that Cornelio was clean, drawing the conclusion that she did not permanently live in the attic and it is likely that someone living in the two bedroom apartment would have seen her there. Tachino also testified to the facts of the case and denied that he knew Cornelio was present. In viewing the evidence in the light most favorable to the State, there was "substantial evidence" to show that Tachino rendered assistance to Cornelio. Therefore, there was sufficient evidence to render a guilty verdict against Tachino.

**C. Right to Bail Pending Appeal**

Tachino contends that the circuit court violated his right to bail pending appeal when it executed a mittimus. Tachino also acknowledges that this issue is likely moot because Tachino was eventually released on bail and his sentence is currently stayed pending the appeal, but that the public interest

exception to the mootness doctrine applies.

The record is unclear as to whether and/or why Tachino was incarcerated after the judgment. At all relevant times, the circuit court granted bail to Tachino, although his bail amount was increased from $2,000 to $4,000 on May 28, 2013. To the extent that there may have been an error when the circuit court executed the mittimus on May 28, 2013, it is undisputed that the circuit court corrected the error on May 31, 2013, when it filed an Order Striking Mittimus filed May 28, 2013. Thus, the issue is moot and none of the exceptions to the mootness doctrine apply.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence; Notice of Entry entered on April 29, 2013, by the Circuit Court of the First Circuit, is vacated. The case is remanded to the circuit court for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, September 30, 2015.

On the briefs:

William K. Li,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge